IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT G. BUNGER, JR., #54018-037 :

      v.                                :      CIVIL ACTION NO. CCB-17-1329
                                                 CRIMINAL NO. CCB-11-0597

UNITED STATES OF AMERICA :

***
**<u>MEMORANDUM</u>**

     Robert Gordon Bunger, Jr.'s motion to vacate is briefed and ready for disposition. No hearing is necessary to resolve this case. Loc. Rule 105.6; *see also* Rule 8 of the Rules Governing § 2255 Proceedings. For reasons to follow, appointment of counsel will be denied,[1] the motion will be DENIED and DISMISSED as time-barred, and a certificate of appealability will not issue.

**BACKGROUND**

     On March 22, 2012, Bunger pleaded guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a). On September 20, 2012, he was sentenced in this court to 30 years of imprisonment. Bunger did not appeal.

     On May 11, 2017, Bunker filed a motion to vacate pursuant to 28 U.S.C. § 2255,[2] received by the Clerk on May 15, 2017. ECF 46. On May 17, 2017, this court ordered respondent to file a limited response addressing the timeliness of the motion, and providing Bunger an opportunity to reply to the limited response, in accord with *Hill v. Braxton*, 277 F.3d

---

[1] Under Rule 8(c) of the Federal Rules Governing §2255 proceedings, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." For reasons apparent herein, appointment is not warranted in this case.

[2] For purposes of assessing the timeliness of the instant motion under 28 U.S.C. §2244(d)(1)-(2), this court treats it as filed on the date it was signed, May 11, 2017. *See Houston v. Lack,* 487 U.S. 266 (1988); *United States v. Dorsey,* 988 F.Supp. 917, 919-20 (D. Md. 1998); Rule 3(d) of the Rules Governing Section 2255 Cases in the United States District Courts (applying the "mailbox rule").

701 (4th Cir. 2002).³ ECF 47. In response, the United States has filed a motion to dismiss, arguing that Bunger's motion to vacate was filed outside the one-year limitations period and thus is time-barred. ECF 52. Bunger has failed to file a reply showing why the motion is otherwise timely or subject to statutory or equitable tolling.⁴

## DISCUSSION

### A. One-Year Limitations Period

A one-year statute of limitations applies to § 2255 petitions. *See* 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. The one-year period may be equitably tolled. *See Whiteside v. United States*, 775 F.3d 180, 184-85 (4th Cir. 2014) (en banc) (noting equitable tolling of the one-year limitation period in 28 U.S.C. §2255 is appropriate in "rare instances") (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

---

³ A petitioner is "only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). In *Holland v. Florida,* 560 U.S. 631, 634 (2010), the Supreme Court affirmed that equitable tolling applies to the statute of limitations. Specifically, the Court found that, in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 649.

⁴ Instead, Bunger filed a motion to strike respondent's motion to dismiss and has moved for sanctions, because respondent's dispositive motion initially was returned as undeliverable. ECF 57, ECF 58. The dispositive motion later was received by Bunger, and respondent consented to extend Bunger's time to respond thereto. ECF 54. Bunger's motions accordingly will be denied.

Respondent states the deadline for Bunger to file a notice of appeal expired on November 24, 2012, 14 days after entry of the judgment, pursuant to Fed. R. App. P. 4(b)(1)(A). No appeal was filed. Because Bunger did not note an appeal, his one-year limitations period started to run on that day, November 24, 2012. ECF No. 52.

Respondent is correct. Finality for the purpose of 28 U.S.C. §2255(f)(1) attaches when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires," *Clay v. United States*, 537 U.S. 522, 527–28 (2003). Bunger did not file an appeal; thus, his conviction became final 14 days after entry of judgment when the time for filing a notice of appeal expired. *See id.* at 527; *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001); see *also* Fed. R. App. P. 4(b)(1)(A) (providing fourteen days to file an appeal). Under the facts presented here, Bunger's limitations period started to run on November 24, 2012, and expired one year later on November 24, 2013. When Bunger filed the motion to vacate on May 11, 2017, some 41 months had already elapsed since the expiration of the one-year limitations period. Accordingly, the motion was untimely filed.

In his motion, Bunger claims that counsel and the court reneged on the sentence to be imposed under the plea agreement and that counsel told Bunger he had no grounds for appeal. ECF No. 46. Bunger, however, was aware of these alleged deficiencies no later than the time of his sentencing. Thus, these arguments do not provide a basis for extending the running of the one-year limitations period under 28 U.S.C. §2255(f)(4). *See Whiteside,* 775 F.3d at 183-87. "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Id*. at 184 (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). Bunger is complaining about facts that were known to him

at sentencing or shortly thereafter, and fails to allege any new fact that would allow him to benefit from §2255(f)(4). Consequently, Bunger may not rely on 28 U.S.C. §2255(f)(4) to set the date for running the one-year limitations period.

    B.    **EQUITABLE TOLLING**

Bunger's Motion to Vacate was untimely filed and must be dismissed unless principles of equitable tolling apply. *See Holland v. Florida,* 560 U.S. 631, 649–54 (2010); *Rouse v. Lee*, 339 F.3d 238, 246–47 (4th Cir. 2003) (*en banc*). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quotation marks omitted); *Holland*, 560 U.S. at 649–54. A petitioner is entitled to equitable tolling if he demonstrates that he has been pursuing his rights diligently, and an extraordinary circumstance stood in his way and prevented timely filing. *Id.; Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (noting equitable tolling is "sparingly granted"). "An inmate asserting equitable tolling 'bears a strong burden to show specific facts' that demonstrate he fulfills both elements of this test." *Smith v. Virginia*, Civ. No. 3:12-CV-148, 2013 WL 871519, at *3 (E.D.Va. Mar. 8, 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks omitted)).

Bunger offers no evidence to show that extraordinary circumstances prevented him from timely filing his motion. He does not show he was prevented from asserting his claims by wrongful conduct on the part of the government or by an extraordinary circumstance beyond his control that made it impossible for him to timely file his claims. Further, Bunger's lack of familiarity with the legal process does not constitute a basis for equitable tolling. *Sosa*, 364 F.3d

4

at 512. In sum, Bunger has not met his burden to demonstrate extraordinary circumstances to warrant equitable tolling.

## CERTIFICATE OF APPEALABILITY

A prisoner asserting a motion to vacate under §2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. §2253(c)(1)(B). An appeal may not be taken from the final order in a §2255 proceeding unless a judge issues a certificate of appealability ("COA"). *Id.*

The Supreme Court recently reaffirmed "that a litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'" *Buck v. Davis*, __ U.S. __, __, 137 S. Ct. 759, 777 (2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In *Slack*, the Court held that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 484. And it later reiterated that:

> Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal.

*Id.* at 484-85. Bunger does not satisfy this standard. Therefore, the court declines to issue a certificate of appealability.[5]

---

[5] Denial of a certificate of appealability in the district court does not preclude Bunger from requesting a certificate of

## CONCLUSION

For these reasons, the court will deny and dismiss the motion as time-barred and also will deny Bunger's motion for appointment of counsel, motion to strike and motion for sanctions. A certificate of appealability will not issue. A separate order follows.


Date: October 25, 2017                                  /S/
                                                Catherine C. Blake
                                                United States District Judge

---

appealability from the appellate court.